UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERSON OSVALDO ROBLES-ADAME,<br><br>                       Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                       Respondent. | Case No.: 3:16-cv-02850-GPC<br>Related Case No.: 3:15-cr-01801-GPC-1<br><br>**ORDER GRANTING PETITIONER'S 28 U.S.C. § 2255 MOTION TO VACATE CONVICTION**<br><br>**[ECF No. 1]** |

## I. INTRODUCTION

Herson Robles-Adame ("Petitioner") filed a Motion to Vacate Conviction ("Motion") under 28 U.S.C. § 2255. (Dkt. No. 31.) The United States ("Respondent") filed a response, agreeing that based on the law and facts of Petitioner's Motion, Petitioner's conviction should be vacated. (Dkt. No. 35 at 1.) For the reasons set forth below, the Court **GRANTS** Petitioner's Motion to Vacate Conviction under 28 U.S.C. § 2255.

## II. BACKGROUND

On December 14, 1994, Petitioner was born in Tijuana, Mexico. (Dkt. No. 31 at 17.) When he was twelve years old, he came to the United States. (*Id.*) About one year after his arrival, he became a lawful permanent resident. (*Id.*) Petitioner claims that his

"life is in the United States, not Mexico." (*Id.* at 19.) He attended middle school and high school in San Diego County. (*Id.* at 17.) Most of his family, including his girlfriend and young child, continue to reside in the United States. (*Id.* at 17–18.)

On July 9, 2015, Petitioner waived indictment and was charged by a criminal information with bringing in aliens without presentation and aiding and abetting in violation of 8 U.S.C. § 1324(a)(2)(B)(iii) and 18 U.S.C. § 2. (Dkt. No. 14.)[1] The Honorable Nita L. Stormes appointed attorney Gary Edwards ("Edwards") as counsel for Petitioner. (Dkt. No. 3.) Each of the four or five times Petitioner met with Edwards, Petitioner asked how a conviction for alien smuggling would affect his immigration status. (Dkt. No. 31 at 18.) In response, Edwards only told Petitioner that removal was a possible consequence, even though the relevant immigration statute states otherwise. (*Id.*) Section 237 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(E), states that "[any] alien who . . . knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or try to enter the United States in violation of the law is deportable."

On July 21, 2015, Petitioner pled guilty to the information before Judge Stormes. (Dkt. No. 18.) The plea agreement states, "Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, removal or other adverse immigration consequences[.]" (*Id.* at 6). The agreement also contains an immigration consequences section, which explains, "pleading guilty may have consequences with respect to his/her immigration status if he/she is not a citizen of the United States." (*Id.* at 10.) On August 6, 2015, the Court issued an order accepting Petitioner's guilty plea. (Dkt. No. 21.)

On November 6, 2015, Petitioner was sentenced by the Court to twelve months and a day in custody and two years of supervised release. (Dkt. No. 28.) During the

---

[1] Page numbers for docketed materials refer to those imprinted by the Court's electronic filing system.

sentencing hearing, Edwards indicated that Petitioner would be removable following conviction. (Dkt. No. 29 at 4.)

On November 18, 2016, Petitioner filed a Motion to Vacate Conviction. (Dkt. No. 31.) Petitioner claims that had he been properly advised, he would not have pled guilty to a removable offense. (*Id.* at 18.) Alternatively, Petitioner claims that with adequate counsel, he would have gone to trial and risked a longer prison term. (*Id.* at 19.)

On February 3, 2017, Respondent filed a Response to Petitioner's motion indicating its non-opposition to Petitioner's motion. (Dkt. No. 35.)

### III. LEGAL STANDARD

Section 2255 authorizes the Court to "vacate, set aside, or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). To warrant relief under § 2255, a prisoner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

### IV. DISCUSSION

Petitioner challenges his conviction under 28 U.S.C. § 2255 on grounds that his counsel provided ineffective assistance by failing to adequately advise him regarding the immigration consequences of his plea. (Dkt. No. 31 at 3.)

**A. Jurisdiction**

A petitioner can file a 28 U.S.C. § 2255 motion if he is a "prisoner in custody under sentence of a court established by Act of Congress[.]" 28 U.S.C. § 2255(a). "[A] habeas petitioner remains in the custody of the United States while on supervised release." *Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005). "[Deportation] does not

3

3:16-cv-02850-GPC

extinguish a term of supervised release." *United States v. Ramirez-Sanchez*, 338 F.3d 977, 980 (9th Cir. 2003). Here, Petitioner filed this motion after he was deported but during his two-year supervised release term. (Dkt. No. 28.) Petitioner thus is a prisoner in custody and can file a 28 U.S.C. § 2255 motion.

Further, Petitioner timely filed this motion. *See* 28 U.S.C. § 2255(f)(1) (applying a one-year period of limitation from the date on which the judgment of conviction becomes final). Here, the Court entered judgment on November 6, 2015. (Dkt. No. 28.) Because Petitioner did not file a notice of appeal, Petitioner's judgment became final on November 20, 2015, two weeks after the Court entered judgment. Fed. R. App. P. 4(b)(1)(A); s*ee United States v. Colvin*, 204 F.3d 1221, 1222 (9th Cir. 2000) (holding that "a judgment becomes final when the time has passed for appealing the district court's entry of the judgment") Petitioner's motion was timely filed less than a year afterward on November 18, 2016. (Dkt. No. 31.)

**B. Ineffective Assistance of Counsel**

Petitioner asserts that his counsel, Gary Edwards, was ineffective because he failed to inform Petitioner of the immigration consequences of pleading guilty. (Dkt. No. 31 at 3.) The Sixth Amendment's effective-assistance-of-counsel guarantee requires counsel to inform clients whether their pleas carry a risk of deportation. *Padilla v. Kentucky*, 559 U.S. 356 (2010). Petitioner's claim is governed by the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Hill v. Lockhart*, 474 U.S. 52, 52 (1985) (holding that the *Strickland* test applies to guilty plea challenges based on ineffective assistance of counsel). In order to establish an ineffective assistance claim, Petitioner must prove that (1) his attorney's representation fell below an objective standard of reasonableness and (2) any deficiencies in counsel's performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 692.

//

//

### i. Whether the Attorney's Representation Fell Below an Objective Standard of Reasonableness

"The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. At the same time, it is the Court's "responsibility under the Constitution to ensure that no criminal defendant—whether a citizen or not—is left to the 'mercies of incompetent counsel.'" *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

"The weight of prevailing professional norms supports the view that counsel must advise her client regarding the risk of deportation." *Id.* at 367. Given that immigration law can be complex, an attorney need only advise a noncitizen client that "pending criminal charges may carry a risk of adverse immigration consequences" when "the law is not succinct and straightforward." *Id.* at 369. However, "[where] the immigration statute or controlling case law expressly identifies the crime of conviction as a ground for removal," an attorney's "duty to give correct advice is equally clear." *Id.*; *U.S. v. Rodriguez-Vega*, 797 F.3d 781, 786 (2015). "A criminal defendant who faces almost certain deportation is entitled to know more than that it is possible that a guilty plea would lead to removal; he is entitled to know that it is a virtual certainty." *U.S. v. Bonilla*, 637 F.3d 980, 984 (2011).

Moreover, an attorney has a duty to accurately advise his client of the immigration consequences before he enters into a plea. *Rodriguez-Vega*, 797 F.3d at 787. A criminal defendant who is armed with the knowledge of the consequences at the proper time could instruct his counsel to attempt to negotiate a plea that would not result in his removal. *Id.*

Applying the first prong of the *Strickland* test, the Court finds that counsel's performance fell below an objective standard of reasonableness. Here, Petitioner claims that over the four or five times he met with his attorney, Edwards only told Petitioner that removal was a possible consequence from pleading guilty, not a virtual certainty. (Dkt.

No. 31 at 18.) However, the immigration statute at hand, Section 237 of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(E), plainly states that "[any] alien who . . . knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or try to enter the United States in violation of the law is deportable." Given that the immigration statute expressly identifies the crime of conviction as a ground for removal, Edwards had a duty to advise Petitioner that his removal was a virtual certainty. *Rodriguez-Vega*, 797 F.3d at 786.

It is immaterial that Edwards indicated during the sentencing hearing that Petitioner would be removed. (Dkt. No. 29 at 4.) Edwards had a duty to accurately advise Petitioner of the removal consequences *before* he pleaded guilty. *Id.* at 787. For the same reason, it is immaterial that the plea agreement states that a guilty plea "may have consequences with respect to his/her immigration status if he/she is not a citizen of the United States." *Id.*; (Dkt. No. 18 at 10.) This agreement also fails to state in unambiguous terms that a guilty plea renders Petitioner's deportation a virtual certainty. Furthermore, "[the] government's performance in including provisions in the plea agreement . . . are simply irrelevant to the question whether counsel's performance fell below an objective standard of reasonableness." *Rodriguez-Vega*, 797 F.3d at 787.

### ii. Whether Petitioner Suffered Prejudice from Deficient Representation

A petitioner demonstrates that he suffered prejudice from deficient representation if he shows that "a reasonable probability" exists "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In order to satisfy this claim, "a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla*, 559 U.S. at 372. In other words, the petitioner must allege that "but for counsel's errors, he would either have gone to trial or received a better plea bargain." *U.S. v. Howard*, 381 F.3d 873, 882 (2004).

Applying the second prong of the *Strickland* test, the Court finds that Petitioner has suffered prejudice as a result of counsel's failure to inform Petitioner of the deportation consequences. Here, Petitioner states that he would not have accepted the plea had he known that he would be removed. (Dkt. No. 31 at 18.) Like the petitioner in *Rodriguez-Vega*, Petitioner points to four recent cases from the Southern District of California in which the defendants were charged with the same crime as Petitioner but pled guilty to a non-removable offense. *See* 797 F.3d at 788; (Dkt. No. 31 at 12.) These cases demonstrate that but for counsel's deficient performance, Petitioner could have negotiated a different plea agreement not requiring his removal.

Additionally, the Court finds that Petitioner has demonstrated prejudice by showing a reasonable probability that even in the absence of a more favorable plea agreement, he would have gone to trial. Petitioner claims that had he been properly advised, he would have gone to trial and risked a longer prison term. (Dkt. No. 31 at 19.) Instead, when he was only twenty years old, he pled guilty to an offense rendering his removal virtually certain. (*Id.* at 17; Dkt. No. 18.) Petitioner states that his "life is in the United States, not Mexico." (Dkt. No. 31 at 19.) Most of his family, including his girlfriend and young child, reside in the United States. (*Id.* at 18.) Petitioner also attended middle school and high school in the United States. (*Id.* at 17.) These personal ties to the United States suggest that Petitioner had much to lose from removal and more incentive to reasonably risk going to trial. "A young lawful permanent resident may rationally risk a far greater sentence for an opportunity to avoid lifetime separation from her family and the country in which they reside." *Rodriguez-Vega*, 797 F.3d at 789.

Further, courts have "found prejudice where a non-citizen demonstrates clearly that she placed a 'particular emphasis' on the immigration consequence of a plea in deciding whether or not to accept it." *Id.* (quoting *United States v. Kwan*, 407 F.3d 1005, 1017–18 (9th Cir. 2005)). Petitioner raised his immigration status with his attorney each of the four or five times they met. (Dkt. No. 31 at 18.) This indicates that his immigration

status was paramount to his decision to accept the plea agreement, and that he would have reasonably risked going to trial to avoid removal.

## V. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** Petitioner's Motion to Vacate Conviction under 28 U.S.C. § 2255. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

Dated: June 7, 2017

Hon. Gonzalo P. Curiel
United States District Judge